FILED

14 OCT 24 PM 2: 47

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO DE LA TORRE-DELGADILLO,<br><br>                                      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                                      Respondent. | CASE NO. 14-CV-1237-BEN<br>                   13-CR-2949-BEN<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Civil Docket No. 1/Criminal Docket No.33] |

Petitioner Pedro De La Torre-Delgadillo has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Docket No. 33).[1]  For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Petitioner was arrested on July 14, 2013, and was later charged by information with a violation of 8 U.S.C. § 1326, Attempted Entry After Deportation. (Docket Nos. 1, 9).  On September 17, 2013, Petitioner pled guilty to the sole count pursuant to a Plea Agreement with the United States. (Docket Nos. 13, 15).  This Court accepted his plea on October 2, 2013. (Docket No. 18).  On February 18, 2014, this Court sentenced Petitioner to 24 months imprisonment and two years supervised release. (Docket Nos.

---

[1]All docket numbers refer to the criminal docket, 13-CR-2949-BEN.

1  28, 29).

2       Petitioner filed the instant Motion on May 15, 2014. The United States filed an

3  Opposition on July 24, 2014. (Docket No. 42). Petitioner did not file a traverse.

4  **LEGAL STANDARD**

5       A district court may "vacate, set aside or correct" the sentence of a federal

6  prisoner that was imposed in violation of the Constitution or a law of the United States.

7  28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing before denying

8  a § 2255 motion, unless it is conclusively shown that the prisoner is entitled to no

9  relief. 28 U.S.C. § 2255(b). If it is clear the petitioner has failed to state a claim, or has

10  "no more than conclusory allegations, unsupported by facts and refuted by the record,"

11  a district court may deny a § 2255 motion without an evidentiary hearing. *United*

12  *States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

13  **DISCUSSION**

14  <u>A. Legal Standard for Ineffective Assistance of Counsel</u>

15       All of Petitioner's claims before this Court pertain to allegations of ineffective

16  assistance of counsel.

17       A petitioner asserting an ineffective assistance of counsel claim must

18  demonstrate that: (1) defense counsel's performance was deficient; and (2) this

19  deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*,

20  466 U.S. 668, 690-92 (1994). To establish performance is deficient, Petitioner must

21  show that his counsel's representation "fell below an objective standard of

22  reasonableness." *Id.* at 687-88. Due to the difficulties inherent in evaluating the

23  performance of counsel after the fact, a court must indulge a strong presumption that

24  counsel's conduct falls within the wide range of reasonable professional assistance.

25  *Id.* at 689. To demonstrate prejudice, a defendant must show that there is a "reasonable

26  probability" that "but for counsel's unprofessional errors, the result of the proceeding

27  would have been different." *Id.* at 694. A reasonable probability is a probability

28  sufficient to undermine confidence in the outcome. *Id.*

1  B.  Ground One: Failure to Advise of Constitutional Rights

2          Petitioner claims that his attorney did not advise him of the "Boykin trial rights
3  guaranteed to him by the Fifth and Sixth amendments," and that this resulted in an
4  "unknowing and involuntary guilty plea, in violation of the due process clause of the
5  Fifth Amendment."  (Mot. at 5).  He contends that he should have been advised
6  "pursuant to Rule 11 of the Federal Rules of Criminal Procedure," and asks that this
7  Court vacate the sentence to allow the Petitioner, "if he so chooses to enter a knowing,
8  intelligent and voluntary guilty plea. . . ."  (*Id.*)

9          A review of the record shows that Petitioner's argument is without merit.  First,
10  the Plea Agreement, signed by Petitioner, confirms that Petitioner fully discussed the
11  nature of the charge and the plea with his counsel.  (Docket No. 15, Plea Agreement
12  at 3, 5).  Petitioner explicitly waived his Fifth and Sixth Amendment rights, as stated
13  in the Plea Agreement.  (*Id.* at 4).  And, Petitioner affirmed that he knowingly and
14  voluntarily pled guilty.  (*Id.* at 5).

15          Second, *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), requires courts to
16  determine whether a defendant entering a guilty plea (1) has knowingly and voluntarily
17  pled guilty, and (2) understands the consequences of entering a guilty plea.  On
18  September 17, 2013, the Court held a Change of Plea Hearing pursuant to Federal Rule
19  of Criminal Procedure 11, which satisfied *Boykin*.  During that hearing, the Court
20  clearly informed Petitioner of his rights and also explained the consequences of
21  waiving those rights.  (Docket No. 44, Plea Hr'g Tr. 4:3-22, 5:4-7).  Petitioner
22  affirmatively acknowledged that he understood his rights and the consequences of
23  entering a guilty plea.  (*Id.* at 5:8-12).  He further told the Court that he was satisfied
24  with the services of his attorney, and that he had no questions regarding the Plea
25  Agreement.  (*Id.* at 9:3-8).

26          Third, on February 18, 2014, the Court held a Sentencing Hearing.  The hearing
27  was yet another opportunity for Petitioner to resolve any issues he may have had, deny
28  that he had waived his rights, or withdraw his guilty plea.  Petitioner did none of that.

14cv1237/13cr2949

1   Instead, when the Court asked if Petitioner agreed that he waived his right to appeal
2   and collaterally attack, Petitioner answered, "Yes." (Opp'n, Gov. Ex. 1 at 8:3-5).

3           Thus, this Court is persuaded that Petitioner's counsel informed Petitioner of his
4   Constitutional rights.   However, even if Petitioner's counsel did fail to advise
5   Petitioner of his rights, and that he was waiving those rights, the result of Petitioner
6   entering a guilty plea would have remained the same because both the Court and the
7   Agreement Petitioner signed advised him of those rights.   Petitioner's plea was
8   therefore made after being fully informed of his rights and the fact that he was giving
9   them up by pleading guilty. This claim is therefore denied on the merits.

10  C.  Ground Two: Failure to Object to Presentence Report

11          Petitioner claims that his counsel was deficient in failing to object to the
12  underlying conviction relied upon in the Presentence Report ("PSR"). (Mot. at 6). He
13  contends that the probation officer made a recommendation based on an alleged
14  conviction for an aggravated felony, but did not identify which conviction the
15  recommendation was relied upon. (*Id.*)  Petitioner also claims the probation officer
16  failed to identify the statute of conviction, or provide supporting documentation. (*Id.*)
17  He claims that the district court erred in relying on these "bare assertions" and that
18  "[b]ecause aggravated felony statutes include conduct that does not qualify as a crime
19  of aggravated felony, the district court's error affected Petitioner's [substantial] rights
20  and should be corrected."[2]  (*Id.*)

21          Again, this Court is not persuaded by Petitioner's argument.   The record
22  indicates that Petitioner's counsel did in fact object to the PSR's calculation of the
23  Guidelines by written motion, and counsel raised the issue during the sentencing
24  hearing.   (Opp'n, Gov. Ex. 1 at 2:19-22; Docket No. 24, Objection to PSR).
25  Specifically, Petitioner's counsel argued that the PSR erred by finding that Petitioner's

26

27          [2]Petitioner states that he is bringing an ineffective assistance of counsel claim.
28  However, to the extent Petitioner's claim might be interpreted as a challenge to this
    Court's calculation and imposition of his sentence, Petitioner has waived his right to
    collaterally attack his sentence. (Docket No. 15, Plea Agreement at 5, 15).

1   2010 conviction merited a 16-level enhancement.   (Docket No. 24, at 2-5).
2   Additionally, the PSR made a recommendation based upon a specific conviction,
3   supported by judicially noticeable documents. (Opp'n, Gov. Ex. 1 at 2:24-3:19).

4        Even if Petitioner's counsel failed to object, the Court would have still imposed
5   the enhancement because the PSR identified the particular conviction upon which the
6   enhancement relied.   Thus, Petitioner's claim fails here as well.   Additionally, this
7   ground presents no basis for challenging the voluntariness of Petitioner's plea or the
8   Plea Agreement.  As discussed above, Petitioner was fully informed of his trial rights
9   when he entered the Agreement and pled guilty. As the waiver is valid, Petitioner has
10  waived his right to collaterally attack this Court's sentence on grounds other than
11  ineffective assistance of counsel. This claim is therefore denied on the merits.

12  D.  Ground Three: Failure to Provide Petitioner an Opportunity to Allocute

13       Petitioner claims that defense counsel was ineffective because he did not give
14  Petitioner a chance to allocute. (Mot. at 8).  He asks the Court to vacate the sentence
15  to allow him to provide a "full allocution statement" because he was "not provided an
16  opportunity to speak to the Court." (*Id.*)

17       Petitioner's claim is clearly rebutted by the record.   Petitioner was given an
18  opportunity to address this Court at sentencing, and made statements to the Court.
19  (Opp'n, Gov. Ex. 1 at 5:20-6:4).  This Court therefore denies this claim.

20  E.  Ground Four: Failure to File Timely Notice of Appeal

21       Petitioner contends that the right to counsel extends to his direct appeal, and that
22  counsel's failure to file a notice of appeal violated his constitutional rights. (Mot. at
23  9).   Although somewhat difficult to understand, Petitioner apparently seeks an
24  opportunity to make a direct appeal. (*Id.*)

25       It is deficient for counsel to fail to file an appeal when requested, even if there
26  are no non-frivolous grounds for appeal or the defendant agreed to waive his right to
27  appeal.   *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *United States v.
28  Sandoval-Lopez*, 409 F.3d 1193, 1197-98 (9th Cir. 2005).

14cv1237/13cr2949

1    Here, Petitioner presents no evidence of any request that Petitioner's counsel file
2    an appeal.  Nor is there any evidence from the record that supports Petitioner's claim.
3    On the contrary, the record reveals that Petitioner was satisfied with his counsel's
4    services (Docket No. 44, at 9:3-5), and that Petitioner knowingly waived his right to
5    appeal. (Opp'n, Gov. Ex. 1 at 7:25-8:5).

6    F.  Evidentiary Hearing

7    Petitioner is not entitled to an evidentiary hearing.  *Quan*, 789 F.2d at 715
8    (stating where the record demonstrates that a petitioner has failed to state a claim, a
9    district court may deny a § 2255 motion without an evidentiary hearing).  It is
10   abundantly clear that the four Grounds upon which Petitioner makes his ineffective
11   assistance of counsel claim are refuted by the record.  Petitioner failed to make any
12   assertions or provide any evidence that suggests the contrary.  Given the foregoing
13   discussion, this Court finds that Petitioner cannot succeed upon his claims, and is
14   entitled to no relief.

15                                   **CONCLUSION**

16   In accordance with the conclusions set forth above, Petitioner's Motion to
17   Vacate, Set Aside, or Correct Sentence is **DENIED**.

18   A court may issue a certificate of appealability where the petitioner has made a
19   "substantial showing of the denial of a constitutional right," and reasonable jurists
20   could debate whether the motion should have been resolved differently, or that the
21   issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*,
22   537 U.S. 322, 335 (2003).  This Court finds that Petitioner has not made the necessary
23   showing.  A certificate of appealability is therefore **DENIED**.

24   **IT IS SO ORDERED.**

25

26   DATED: October 2⁴, 2014

27                                          HON. ROGER T. BENITEZ
                                            United States District Judge
28